

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 17, 1993

Mr. James L. Crouch
Executive Director
Public Utility Commission
7800 Shoal Creek Boulevard
Austin, Texas 78757

Opinion No. DM-209

Re: Whether the former employee of the Public Utility Commission who goes to work for an affiliate of a regulated utility violates section 6 of article 1446c, V.T.C.S. (RQ-118)

Dear Mr. Crouch:

You ask several questions about the post-employment restrictions applicable to a Public Utility Commission (PUC) employee who resigned to work for an affiliate of a PUC-regulated telephone company. You state that one of his last PUC assignments was as project manager for a management audit on the regulated company. The audit was completed in February 1991, and the employee resigned from the PUC in May 1991, beginning employment for the affiliate soon after. You state that the employee and the president of the regulated company, who was also president of the affiliate, apparently began employment negotiations while the audit of the telephone company was in progress.

Article 1446c, V.T.C.S., the Public Utility Regulatory Act (PURA), restricts certain transactions between PUC employees and affiliates of public utilities. In general, an "affiliate" or an "affiliated interest" of a public utility is a person or entity that can substantially control the policies and actions of the public utility, that is subject to being controlled in this way by the public utility, or that is under common control of the same entity as the public utility. Section 3(i) of article 1446c defines these terms as follows:

> "Affiliated interest" or "affiliate" means:
>
> (1) any person or corporation owning or holding, directly or indirectly, five percent or more of the voting securities of a public utility;[1]
>
> (2) any person or corporation in any chain of successive ownership of five percent or more of the voting securities of a public utility;

---

[1] A telephone company is a public utility subject to regulation under the Public Utility Regulatory Act. V.T.C.S. art. 1446c, § 3(c)(2)(A).

(3) any corporation five percent or more of the voting securities of which is owned or controlled, directly or indirectly, by a public utility;

(4) any corporation five percent or more of the voting securities of which is owned or controlled, directly or indirectly, by any person or corporation that owns or controls, directly or indirectly, five percent or more of the voting securities of any public utility . . . ;

(5) any person who is an officer or director of a public utility or of any corporation in any chain of successive ownership of five percent or more of voting securities of a public utility;

(6) any person or corporation that the commission, after notice and hearing, determines actually exercises any substantial influence or control over the policies and actions of a public utility, or over which a public utility exercises such control . . . ;

(7) any person or corporation that the commission after notice and hearing determines is actually exercising such substantial influence over the policies and action of the public utility . . . .

Section 6 of PURA prohibits various transactions between employees and former employees of the PUC on the one hand and public utilities and their affiliates on the other. This section provides in part:

(d) No commissioner or employee of the commission may directly or indirectly solicit or request from or suggest or recommend to, any public utility, or to any agent, representative, attorney, employee, officer, owner, director, or partner thereof, the appointment to any position or the employment in any capacity of any person by such public utility or affiliated interest.

(e) No public utility or affiliated interest . . . , nor any agent, representative, attorney, employee, officer, owner, director, or partner of any public utility or affiliated interest, . . . may give, or offer to give, any . . . employment . . . whatsoever to any member or employee of the commission . . . .

. . . .

(i) No . . . employee shall, within one year after his employment with the commission has ceased, be employed by a public utility which was in the scope of the commissioner's or employee's official responsibility while the commissioner or employee was associated with the commission.

> (j) During the time a commissioner or employee of the commission is associated with the commission or at any time after, the commissioner or employee may not represent a person, corporation, or other business entity before the commission or a court in a matter in which the commissioner or employee was personally involved, while associated with the commission or a matter that was within the commissioner's or employee's official responsibility while the commissioner or employee was associated with the commission.

V.T.C.S. art. 1446c, § 6.

You first ask whether section 6(i) was violated under the facts you have provided. Although we cannot resolve fact questions in an attorney general opinion, we can answer a legal question based on facts provided to us. Attorney General Opinion JM-495 (1986). Attorney General Opinion JM-280 (1984) concluded that section 6(i) of article 1446c applied to the employment of a former member or employee of the Public Utility Commission by a public utility, but not to that person's employment by an affiliated interest of a public utility. Accordingly, assuming the affiliate in this case meets the definition set out in section 3(i) of PURA, the former employee did not violate section 6(i) by accepting employment with that entity.

You next ask whether it was "legal under section 6(d) and (e) for the employee and the company officer to negotiate such an arrangement while the officer was president of both the company under audit and the affiliated company and the employee was the PUC staff member in charge of the audit?"

Section 6(d) provides that no PURA employee may "solicit or request from or suggest or recommend to" any officer of a public utility, "the employment in any capacity of *any person* by such public utility or affiliated interest." (Emphasis added.) In our opinion, the prohibition in section 6(d) against soliciting employment for any person would bar a PURA employee from making such solicitations, requests, suggestions, or recommendations on behalf of his own employment. If the PURA employee asked the officer for employment with the affiliate or made any other of the proscribed communications, he violated section 6(d).

Section 6(e) provides that no "officer ... of any public utility or [any] affiliated interest ... may give, or offer to give, [any] employment ... whatsoever to any ... employee of the commission." If the officer of the regulated utility made an offer of employment to the PUC employee while the employee worked for the PUC, the officer

violated section 6(e).[2]  Whether the PURA employee or the officer engaged in conduct proscribed by subsection (6)(d) or 6(e) of article 1446c is a question of fact that cannot be addressed in an attorney general opinion.

You next ask whether any other applicable laws were violated under the facts stated.  You do not specify any statute that you wish us to address, but we suggest that you consider whether section 8 of article 6252-9b, V.T.C.S., as well as section 39.01 of the Penal Code[3] might apply to the case you have described.  Section 8 of article 6252-9b, V.T.C.S., is designed to prevent a state officer or employee from using his official position to seek personal gain.  It prohibits officers and employees from having various private economic interests that might influence them in their exercise of public authority.[4]  *See* Attorney General Opinion JM-587 (1986) (section 8 of article 6252-9b, V.T.C.S. provides no sanctions for violations of its provisions).

---

[2]We do not believe it is necessary at this time to determine the full reach of the prohibition against "giv[ing] . . . any . . . employment" in section 6(e).  V.T.C.S. art. 1446c, § 6(e).

[3]Section 39.01 of the Penal Code applies to certain violations of law committed by a public servant with intent to obtain a benefit or with intent to harm another.  *See also* Penal Code §§ 36.02(a); 36.08(a).

[4]Section 8 of article 6252-9b, V.T.C.S., provides as follows:

(a)  No state officer or state employee should accept or solicit any gift, favor, or service that might reasonably tend to influence him in the discharge of his official duties or that he knows or should know is being offered him with the intent to influence his official conduct.

(b)  No state officer or state employee should accept employment or engage in any business or professional activity which he might reasonably expect would require or induce him to disclose confidential information acquired by reason of his official position.

(c)  No state officer or state employee should accept other employment or compensation which could reasonably be expected to impair his independence of judgment in the performance of his official duties.

(d)  No state officer or state employee should make personal investments which could reasonably be expected to create a substantial conflict between his private interest and the public interest.

(e)  No state officer or state employee should intentionally or knowingly solicit, accept, or agree to accept any benefit for having exercised his official powers or performed his official duties in favor of another.

Your remaining three questions are as follows:

(4) If these facts had occurred after January 1, 1992, the effective date of Senate Bill 1, Acts of the 72nd Legislature, Regular Session, 1991, would your answer be different?

(5) To what extent, if any, will the ethics law established in PURA continue to apply to PUC commissioners and staff after the effective date of Senate Bill 1?

(6) Conversely, to what extent, if any, will the new ethics law established in Senate Bill 1 apply to PUC commissioners and staff after its effective date?

Senate Bill 1 of the 72d Legislature adopted provisions regulating the ethics of public servants.[5] Some of its provisions address conduct also covered by section 6 of article 1446c, V.T.C.S. Article 6252-9b, V.T.C.S., adopted in 1973 to establish standards of conduct for state officers and employees,[6] applies to officers and employees of the PUC. *See* V.T.C.S. art. 6252-9b, §§ 2(1), (5)(A)(i), (7)(A), (8)(A) (defining "state officer" and "state employee"). Senate Bill 1 adopted several amendments to article 6252-9b, V.T.C.S., but most of these do not overlap with section 6 of article 1446c, V.T.C.S. *See* V.T.C.S. art. 6252-9b, § 7B (prohibiting association of employees of regulatory agency from soliciting anything of value from regulated entities). Section 7A, the amendment most relevant to your inquiry, provides as follows:

(a) A member of the governing body or executive head of a regulatory agency may not make, with the intent to influence, any communication to or appearance before an officer or employee of the agency in which the person served, before the second anniversary of the date the person ceases to be a member of the governing body or executive head of the agency, on behalf of any person in connection with any matter on which the person seeks official action.

(b) A former state officer or employee of a regulatory agency who ceases service or employment with the agency on or after January 1, 1992, may not represent any person or receive compensation for services rendered on behalf of any person regarding a particular matter in which the former officer or employee participated during the period of state service or employment, either through personal involvement or because the case or proceeding was a matter within the officer's or employee's official responsibility. This

---

[5] Acts 1991, 72d Leg., ch. 304, at 1290.

[6] Acts 1973, 63d Leg., ch. 421, at 1086.

subsection does not apply to a rule-making proceeding that was concluded before the officer's or employee's service or employment ceased.

(c)  Subsection (b) of this section applies only to:

(1)  a state officer or a regulatory agency; or

(2)  a state employee of a regulatory agency who is compensated . . . [details of compensation set out].

(d)  *If other law restricts the representation of a person before a particular state agency by a former state officer or employee, the other law prevails over this section.*

V.T.C.S. art. 6252-9b, § 7A (emphasis added).

Section 6(j) of the PURA, quoted above, prohibits a former state officer or employee from representing persons before the PUC under circumstances similar to those set out in section 7A. Section 6(j) applies during the time the officer or employee is associated with the commission "or at any time after." V.T.C.S. art. 1446c, 6(j). It prohibits the commissioner or employee from representing any "person, corporation, or other business entity before the commission or a court in a matter in which the commissioner or employee was personally involved while associated with the commission or a matter that was within the commissioner's or employee's official responsibility" while associated with the commission. *Id.* As expressly provided in section 7A(d) of article 6252-9b, section 6(j) of the PURA prevails over section 7A(b).

Accordingly, we do not believe our answer would be different if the transactions you describe had occurred entirely after the effective date of Senate Bill 1. Section 7A of article 6252-9b, V.T.C.S., does not apply to the PUC. You have not identified any other provisions of Senate Bill 1 that appear to conflict with provisions of section 6 of the PURA. Assuming the absence of conflicting provisions, the commissioners and employees of the PUC are subject to the provisions of Senate Bill 1 to the same degree as are state agency officers and employees in general.

## S U M M A R Y

Section 6(i) of article 1446c, V.T.C.S., provides that a former employee of the Public Utility Commission (PUC) may not be employed within one year after leaving the commission by a public utility that was in the scope of his official responsibility while he worked for the commission. This prohibition does not bar a former employee from working for the affiliate of such public utility within a year after his departure from the commission.

Section 6(d) of article 1446c, V.T.C.S., prohibits an employee of the Public Utility Commission (PUC) from asking an officer of a regulated utility for employment with that utility or an affiliated interest of the utility. Section 6(e) prohibits an officer of a public utility or affiliated interest from offering employment to any employee of the commission. Whether any person has violated either of these provisions is a fact question.

Senate Bill 1 of the 72d Legislature adopted post-employment restrictions on the appearance before a regulatory agency by former state officers and employees of that agency. These provisions, codified as section 7A of article 6252-9b, V.T.C.S., do not apply to former state officers or employees if their representation of a person before a state agency is restricted by other law. Since section 6(j) of article 1446c, V.T.C.S., places post-employment restrictions on appearances before the PUC by its former commissioners and employees, section 7A of article 6252-9b, V.T.C.S., does not apply to these individuals.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General